Opinion filed January 13, 2022



In The

# Eleventh Court of Appeals

_____

## No. 11-21-00205-CV

_____

## KINDER MORGAN SACROC, LP; KINDER MORGAN CO2 CO., LP; KINDER MORGAN PRODUCTION CO., LP; AND KINDER MORGAN PRODUCTION CO., LLC, Appellants

## V.

## SCURRY COUNTY; SNYDER INDEPENDENT SCHOOL DISTRICT; SCURRY COUNTY JUNIOR COLLEGE DISTRICT D/B/A WESTERN TEXAS COLLEGE; AND SCURRY COUNTY HOSPITAL DISTRICT D/B/A COGDELL MEMORIAL HOSPITAL, Appellees

**On Appeal from the 132nd District Court**
**Scurry County, Texas**
**Trial Court Cause No. 26387**

## M E M O R A N D U M   O P I N I O N

This interlocutory appeal arises out of a proceeding in which Appellees, Scurry County, Snyder Independent School District, Scurry County Junior College

District d/b/a Western Texas College, and Scurry County Hospital District d/b/a Cogdell Memorial Hospital (collectively the Taxing Units), are seeking to have mineral interests owned by Appellants, Kinder Morgan SACROC, LP; Kinder Morgan CO2 Co., LP; Kinder Morgan Production Co., LP; and Kinder Morgan Production Co., LLC (collectively Kinder Morgan), re-appraised or back-appraised for the 2013 through 2018 tax years. Kinder Morgan filed a motion to dismiss the Taxing Units' claims pursuant to the Texas Citizens Participation Act, TEX. CIV. PRAC. & REM. CODE ANN. §§ 27.001–.011 (West 2020) (the TCPA).[1] The trial court found that the TCPA did not apply to the Taxing Units' claims and denied the motion to dismiss.

In one issue, Kinder Morgan asserts that the trial court erred when it denied the motion to dismiss because the Taxing Units' claims implicate Kinder Morgan's exercise of the right to petition and of the right of free speech, as defined by the TCPA. Because Kinder Morgan established that the TCPA applies to the Taxing Units' claims, we reverse the trial court's order and remand this case for further proceedings.

*Background*

An "ad valorem" tax is a tax on property at a certain rate based on the value of the property. *Jim Wells Cty. v. El Paso Prod. Oil & Gas Co.*, 189 S.W.3d 861, 870 (Tex. App.—Houston [1st Dist.] 2006, pet. denied). The appraised value of the property is the basis for the amount of ad valorem tax owed. *Id.* County-based

---

[1]The Texas legislature amended the TCPA effective September 1, 2019. *See* Act of May 17, 2019, 86th Leg., R.S., ch. 378, §§ 1–9, 12 (H.B. 2730) (codified at TEX. CIV. PRAC. & REM. CODE ANN. §§ 27.001, .003, .005–.007, .0075, .009–.010). Because the Taxing Units' claims against Kinder Morgan were filed prior to September 1, 2019, the 2019 amendments do not apply. *See id.* §§ 11–12; *see also Creative Oil & Gas, LLC v. Lona Hills Ranch, LLC*, 591 S.W.3d 127, 129 (Tex. 2019) ("The prior version of the [TCPA] continues . . . to control cases filed before September 1, 2019."). For convenience, all citations to the TCPA in this opinion are to the version of the statute prior to September 1, 2019. *See* Act of May 21, 2011, 82d Leg., R.S., ch. 341, § 2, 2011 Tex. Gen. Laws 961–64, amended by Act of May 24, 2013, 83d Leg., R.S., ch. 1042, 2013 Tex. Gen. Laws 2499–2500.

appraisal districts and appraisal review boards are responsible for the appraisal of real property for ad valorem tax purposes. *City of Austin v. Travis Cent. Appraisal Dist.*, 506 S.W.3d 607, 613 (Tex. App.—Austin 2016, no pet.); *see also* TEX. TAX CODE ANN. §§ 6.01(b), 6.41(a) (West 2015). "[E]xcept for certain specifically circumscribed rights," the Tax Code's comprehensive legislative scheme generally excludes the Taxing Units from the appraisal process. *City of Austin*, 506 S.W.3d at 613–14 (quoting *Jim Wells Cty.*, 189 S.W.3d at 871).

The Taxing Units had a statutory right to challenge before the Scurry Appraisal Review Board (the ARB) certain actions by the Scurry County Appraisal District (the Appraisal District). *See* TAX § 1.04(12); Act of May 28, 1999, 76th Leg., R.S., ch. 631, § 10, 1999 Tex. Gen. Laws 3191, 3196 (amended 2019) (current version at TEX. TAX. CODE ANN. § 41.03). The Taxing Units each exercised that right by filing, for the 2013 through 2018 tax years, a challenge before the ARB to the "[l]evel of appraisal of real property – oil and gas, minerals and other subsurface interests (Category G)" in Scurry County and to the exclusion of property from the Scurry County appraisal records. At the hearing before the ARB, the Taxing Units limited their challenges to the appraised value of mineral interests owned by Kinder Morgan in Scurry County. The ARB denied the challenges, and the Taxing Units filed a petition for review and writ of mandamus in the trial court. *See* TAX § 42.031(a).

In their original petition, the Taxing Units cited to cases that discussed the omission or exclusion of property from the appraisal roll based on, among other things, taxpayer fraud and alleged that mineral interests owned by Kinder Morgan were "erroneously and incorrectly omitted from appraisal," *in toto* or *ab initio*. The Taxing Units requested that the trial court either "fix the accurate and correct appraised values" of the mineral interests or "issue a writ of mandamus" that required the Appraisal District and the Chief Appraiser to re-appraise Kinder

3

Morgan's mineral interests for tax year 2018 and back-appraise the mineral interests for the 2013 through 2017 tax years.

Kinder Morgan moved to dismiss the Taxing Units' claims pursuant to Rule 91a of the Texas Rules of Civil Procedure on the ground that the Taxing Units had failed to allege any facts to support a viable, legally cognizable right to relief or to provide Kinder Morgan with fair notice of the facts on which the claims were based. In response, the Taxing Units filed a first amended petition followed by a second amended petition.

As relevant here, in the second amended petition, the Taxing Units alleged that mineral interests owned by Kinder Morgan were excluded and omitted from the appraisal records, *in toto* and *ab initio*, for the 2013 through 2018 tax years and that, although the statute did not require "proof or an appearance of fraud," the "appearance of fraud does constitute adequate evidence of omissions *ab initio*." The Taxing Units asserted (1) that a property owner was "required to provide accurate and complete information and to pay [its] accurately calculated tax amounts"; (2) that, based on Kinder Morgan's and the Appraisal District's conduct and the review by experts of Kinder Morgan's "federal and state filings," Kinder Morgan had "knowingly and purposefully provided inaccurate and/or incomplete information" to the Appraisal District in an effort to evade payment of taxes; (3) that Kinder Morgan misrepresented "price and operating expense issues," as well as other information, to the Appraisal District; (4) that the "information" provided to the Appraisal District by Kinder Morgan was inconsistent with Kinder Morgan's "attested filings with state and federal agencies"; (5) that the "misrepresentations" of Kinder Morgan meant that it did not pay ad valorem taxes on all of its mineral interests in Scurry County; and (6) that the "intentional and knowing misrepresentations by" Kinder Morgan resulted in *ab initio* exclusions or omissions of property from the appraisal roll. The Taxing Units again requested that the trial

4

court "fix the accurate and correct appraised values" of the mineral interests or "issue a writ of mandamus" that required the Appraisal District and the Chief Appraiser to re-appraise Kinder Morgan's mineral interests for tax year 2018 and back-appraise the mineral interests for the 2013 through 2017 tax years.

Kinder Morgan withdrew its Rule 91a motion and filed a motion to dismiss pursuant to the TCPA. In the motion to dismiss, Kinder Morgan asserted that the TCPA applied because the Taxing Units' claims were based on or related to Kinder Morgan's exercise of its right to petition and right of free speech and that the Taxing Units could not establish by clear and specific evidence a prima facie case for each essential element of their claims.

The Taxing Units objected that Kinder Morgan's motion was untimely. *See* CIV. PRAC. & REM. § 27.003(b). The trial court sustained the Taxing Units' objection and overruled the motion to dismiss. Kinder Morgan filed an interlocutory appeal from the trial court's ruling. After we affirmed the trial court's ruling,[2] the Texas Supreme Court reversed, held that the motion to dismiss was timely, and remanded the case to the trial court. *See Kinder Morgan SACROC, LP v. Scurry Cty.*, 622 S.W.3d 835, 851 (Tex. 2021).

On remand, the Taxing Units filed a third amended petition. Although the Taxing Units deleted a number of factual allegations, they sought the same substantive relief in the Third Amended Petition as they had requested in the Second Amended Petition. As relevant here, the Taxing Units alleged (1) that the valuation of mineral interests "requires the property owner to provide accurate, complete, and forthcoming renditions and representations" to the Appraisal District; (2) that "instead of honesty," Kinder Morgan had "purposefully provided fraudulent, inaccurate, and false information" to the Appraisal District "so as to unlawfully cheat

---

[2]*See Kinder Morgan SACROC, LP v. Scurry Cty.*, 589 SW.3d 889 (Tex. App.—Eastland 2019), *rev'd*, 622 S.W.3d 835 (Tex. 2021).

on the amount of property taxes to be collected" from Kinder Morgan; (3) that "[t]he wrongful acts, unlawful conduct, and misrepresentations" of Kinder Morgan "were purposefully executed and made" for the "purposeful and wrongful avoidance of the payment of taxes justly owed" to the Taxing Units; (4) that "[t]o accomplish this tax fraud," Kinder Morgan "made material misrepresentations, which were false"; (5) that "[t]he existence of fraud and the intentional and knowing misrepresentations made by" Kinder Morgan resulted in "the *ab initio* excluded/omitted consideration of the fraudulently tainted property value amounts and thus recognition of the delinquent taxes in the correct or fixed amounts"; and (6) that Kinder Morgan "intentionally and knowingly provide[d] false, incomplete, and inaccurate information for the calculation of property values in an effort to avoid, cheat, and unlawfully avoid payment of ad valorem taxes."

The trial court denied the motion to dismiss on the ground that Kinder Morgan "failed to meet [its] burdens as to the first component" of the motion to dismiss. The trial court expressly "did not hear, consider, or rule on the second and third components to" the motion to dismiss. Kinder Morgan then brought this second interlocutory appeal.

*Analysis*

In one issue, Kinder Morgan asserts that the trial court erred when it denied the motion to dismiss because the Taxing Units' claims implicated Kinder Morgan's exercise of its right to petition and right of free speech. The Taxing Units respond (1) that Kinder Morgan failed to present any evidence that the TCPA applies to the Taxing Units' claims or that the Taxing Units filed their claims for an improper purpose; (2) that the Taxing Units' claims based on Kinder Morgan's allegedly fraudulent misrepresentations, alleged fraud by nondisclosure, and alleged unlawful conduct do not fall within the TCPA; and (3) that the TCPA does not apply to the pervasive regulatory scheme set out in the Tax Code.

6

The TCPA protects citizens from retaliatory lawsuits meant to intimidate or silence them on matters of public concern. *Dallas Morning News, Inc. v. Hall*, 579 S.W.3d 370, 376 (Tex. 2019); *In re Lipsky*, 460 S.W.3d 579, 584 (Tex. 2015) (orig. proceeding). The Legislature enacted the TCPA "to safeguard 'the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law'" while, at the same time, protecting a person's right "to file meritorious lawsuits for demonstrable injury." *Kinder Morgan SACROC*, 622 S.W.3d at 847 (quoting Civ. Prac. & Rem. § 27.002).

To effectuate this dual purpose, the TCPA employs a three-step process to determine whether a lawsuit or claim is subject to dismissal. *Montelongo v. Abrea*, 622 S.W.3d 290, 296 (Tex. 2021). First, the movant must demonstrate by a preponderance of the evidence that a legal action is based on, related to, or in response to the movant's exercise of the right of free speech, right to petition, or right of association. Civ. Prac. & Rem. §§ 27.003(a), .005(b); *see also Montelongo*, 622 S.W.3d at 296. If the movant makes this showing, the burden shifts to the nonmovant to establish by clear and specific evidence a prima facie case for each essential element of the claim in question. Civ. Prac. & Rem. § 27.005(c); *Montelongo*, 622 S.W.3d at 296. Finally, even if the nonmovant meets that burden, the trial court is required to dismiss the legal action if the movant establishes by a preponderance of the evidence each essential element of a valid defense to the challenged claim. Civ. Prac. & Rem. § 27.005(d).

Whether the TCPA applies to a legal action is an issue of statutory interpretation that we review de novo. *Youngkin v. Hines*, 546 S.W.3d 675, 680 (Tex. 2018). When we conduct this analysis, we interpret the statute's language as a whole, rather than reading its individual provisions in isolation from one another. *Id.* "[W]e ascertain and give effect to the Legislature's intent as expressed in the language of the statute," *State ex rel. Best v. Harper*, 562 S.W.3d 1, 11 (Tex. 2018)

7

(quoting *City of Rockwall v. Hughes*, 246 S.W.3d 621, 625 (Tex. 2008), and construe the statute's words "according to their plain and common meaning, unless a contrary intention is apparent from the context, or unless such a construction leads to absurd results," *Youngkin*, 546 S.W.3d at 680 (quoting *Hughes*, 246 S.W.3d at 625–26); *see also Lipsky*, 460 S.W.3d at 590 ("Words and phrases that are not defined by statute and that have not acquired a special or technical meaning are typically given their plain or common meaning."). If an undefined statutory term has multiple common meanings, we "apply the definition most consistent with the context of the statutory scheme." *City of Richardson v. Oncor Elec. Delivery Co. LLC*, 539 S.W.3d 252, 261 (Tex. 2018).

## A. Preemption

We first consider the Taxing Units' contention that the Tax Code is a pervasive regulatory scheme that preempts the TCPA for claims based on the omission or exclusion of property from the appraisal records. The Taxing Units specifically argue (1) that the Tax Code establishes an administrative proceeding to resolve the majority of tax protests and that the failure to exhaust administrative remedies deprives courts of jurisdiction to decide most matters pertaining to ad valorem taxes and (2) that the Tax Code limits the relief that a district court may award in an appeal from the administrative proceeding. The Taxing Units contend that "there is no room for the application of the TCPA" in such a pervasive regulatory scheme.

We presume that the legislature enacts a statute with complete knowledge of, and reference to, the existing law. *Acker v. Tex. Water Comm'n*, 790 S.W.2d 299, 301 (Tex. 1990); *Sullivan v. Tex. Ethics Comm'n*, 551 S.W.3d 848, 855 (Tex. App.—Austin 2018, pet. denied). Where there is no clear repugnance between two statutes, we must construe the statutes so to give effect, if possible, to both. *Standard v. Sadler*, 383 S.W.2d 391, 395 (Tex. 1964) (orig. proceeding) (quoting *Wintermann v.*

8

*McDonald*, 102 S.W.2d 167, 171 (Tex. 1937)); *see also Highsmith v. Highsmith*, 587 S.W.3d 771, 778 (Tex. 2019) (per curiam).

We agree that the Tax Code establishes the exclusive procedure by which a taxing unit is allowed to challenge before an appraisal review board certain actions of an appraisal district and to appeal an adverse ruling of the appraisal review board to a district court. *See In re ExxonMobil Corp.*, 153 S.W.3d 605, 618 (Tex. App.— Amarillo 2004, orig. proceeding [mand. denied]); *see also* Act of May 28, 1999, 76th Leg., R.S., ch. 631, § 10, 1999 Tex. Gen. Laws 3191, 3196; TAX §§ 41.04–.07, 42.031(a), 42.21–.28. However, the appeal in the district court is by trial de novo in which the district court is required to "try all issues of fact and law raised by the pleadings in the manner applicable to civil suits generally." TAX § 42.23(a). During the appeal, the district court is statutorily authorized to enter "orders necessary to preserve rights protected by and impose duties required by the law." *Id.* § 42.24(3).

The relevant procedures for a taxing unit to challenge an action of an appraisal district and to appeal any adverse decision by an appraisal review board predated the TCPA. With presumed knowledge of the provisions of Tax Code, the legislature established in the TCPA the right to seek dismissal of a legal action that was based on, related to, or in response to a person's exercise of the rights of free speech, to associate, and to petition, as defined in the TCPA. Although the legislature expressly exempted certain legal actions from the application of the TCPA, it did not exempt a taxing unit's appeal of an adverse determination by an appraisal review board from the reach of the TCPA. *See* CIV. PRAC. & REM. § 27.010.

Pursuant to the dictates of the Tax Code, the trial court must try the Taxing Units' appeal in the same manner as civil cases generally and may enter orders to preserve rights protected by law, including the rights established in the TCPA. We cannot conclude that there is such a clear repugnance between the TCPA and an appeal by a taxing unit under the Tax Code of an adverse determination of the taxing

units' challenge by an appraisal review board that both statutes cannot be given effect. *See Reed v. State Dept. of Licensing & Regulation*, 820 S.W.2d 1, 2 (Tex. App.—Austin 1991, no writ) (per curiam) ("When there is no positive repugnance between the provisions of old and new statutes and no express repeal of the old statute, the old and new statutes must be construed to give effect, if possible, to both statutes.").[3] Therefore, the Taxing Units' claims are not exempt from the application of the TCPA.

## B. *Exercise Of The Right To Petition*

The TCPA sets out numerous ways in which a person can exercise the right to petition, all of which involve a "communication." *See* CIV. PRAC. & REM. § 27.001(4); *see also Tervita, LLC v. Sutterfield*, 482 S.W.3d 280, 283 (Tex. App.—

---

[3]In *Sullivan*, the Austin Court of Appeals determined that the TCPA did not apply to the appeal to the district court of a final order of the Texas Ethics Commission. 551 S.W.3d 856. However, that case involved an appeal by Sullivan of a determination by the Ethics Commission that he had failed to register as a lobbyist. *Id.* at 850–51. Because the Commission had the burden of proof in the trial de novo, Sullivan moved to realign the parties. *Id.* at 851. The trial court granted the motion and named the Ethics Commission as the plaintiff. *Id.* After the Ethics Commission amended its pleadings to comply with the realignment, Sullivan filed a TCPA motion to dismiss the amended pleading, in effect seeking to dismiss his own appeal. *Id.* at 850–51. The trial court denied the motion to dismiss. *Id.*

The Austin Court of Appeals noted that Texas Government Code Chapters 305 and 571 predated the TCPA and provided "a specific procedure for addressing allegations already admittedly related to one particular iteration of the exercise of First Amendment rights: lobbying." *Id.* at 855. The court concluded that:

> [T]he only reasonable way to harmonize the TCPA and chapters 305 and 571 is to conclude that the TCPA's catch-all term "legal action" does not encompass de novo appeals of Commission orders enforcing the lobbyist-registration statute wherein the Commission seeks no new relief but prays only that the district court uphold the Commission's previous violation and penalty determinations. To hold otherwise would allow respondents to end-run the specifically enacted scheme for enforcement of the lobbyist-registration statute, a result that the legislature could not have intended when enacting the TCPA.

*Id.* at 855–56.

No similar concerns are presented in the appeal by a taxing unit from an adverse determination of the taxing unit's challenge by an appraisal review board. The appraisal review board is not a party to the trial de novo in the district court, and the taxing unit seeks relief different from that ordered by the appraisal review board. Therefore, the application of the TCPA to the taxing unit's claims would neither undermine the statutory procedure for seeking review of the order of the appraisal review board nor allow a taxing unit to "end run" the administrative procedure established by the Tax Code.

Dallas 2015, pet. denied) (noting that the TCPA broadly defines "the exercise of the right to petition"). The TCPA defines a "communication" as "includ[ing] the making or submitting of a statement or document in any form or medium, including oral, visual, written, audiovisual, or electronic." *Id.* § 27.001(1); *see also Adams v. Starside Custom Builders, LLC*, 547 S.W.3d 890, 894 (Tex. 2018) (recognizing that, under the TCPA, "[a]lmost every imaginable form of communication, in any medium, is covered"). Kinder Morgan contends that it exercised its right to petition because it communicated with the Appraisal District "in connection with an issue under consideration or review by a legislative, executive, judicial, or other governmental body or in another governmental or official proceeding." CIV. PRAC. & REM. § 27.001(4)(B).

In determining whether the TCPA applies to a legal action, we consider the relevant pleadings and any supporting or opposing affidavits "stating the facts on which the liability or defense is based." CIV. PRAC. & REM. § 27.006(a); *Sullivan v. Tex. Democratic Party*, No. 03-19-00936-CV, 2021 WL 1256891, at *3 (Tex. App.—Austin Apr. 6, 2021, pet. denied). The plaintiff's petition is "the best and all sufficient evidence of the nature of the action." *Hersh v. Tatum*, 526 S.W.3d 462, 467 (Tex. 2017) (quoting *Stockyards Nat'l Bank v. Maples*, 95 S.W.2d 1300, 1302 (Tex. 1936)).[4]

---

[4]The Taxing Units assert that Kinder Morgan did not meet its burden because it failed to present any evidence at the hearing on the motion to dismiss to establish (1) that the TCPA applied to the Taxing Units' claims or (2) that, by filing a challenge to the appraisal records, the Taxing Units intended or threatened to silence or intimidate Kinder Morgan's exercise of a statutorily-protected right. However, Kinder Morgan was entitled to rely on the Taxing Units' pleadings to establish that the TCPA applied to the Taxing Units' claims. *See Adams*, 547 S.W.3d at 897 (holding that, if "a holistic review of the pleadings" demonstrates that the legal action is covered by the TCPA, the movant "need show no more" (quoting *Hersh*, 526 S.W.3d at 467)). Further, there is no statutory requirement that Kinder Morgan prove that the Taxing Units filed the lawsuit with the intent to silence or intimidate Kinder Morgan. *See* CIV. PRAC. & REM. § 27.003(a), .005(b).

As set out above, in both their second amended petition, which was the operative pleading when Kinder Morgan filed the motion to dismiss, and third amended petition, which was the live pleading at the time of the hearing on the motion to dismiss, the Taxing Units alleged that Kinder Morgan purposefully and intentionally provided the Appraisal District with false and inaccurate information related to factors that affected the appraised value of Kinder Morgan's mineral interests in Scurry County. Therefore, as pleaded, the Taxing Units' claims implicate the making and submitting of a statement to the Appraisal District by Kinder Morgan.

We, therefore, turn to whether Kinder Morgan's communications to the Appraisal District constituted the exercise of the right to petition because those communications were made in connection with an issue under consideration or review by a governmental body. *See* Civ. Prac. & Rem. § 27.001(4)(B). An issue means "a vital or unsettled matter." *Issue*, https://www.merriam-webster.com/dictionary/issue?src=search-dict-box (last visited on January 10, 2022). Here, the appraised value of Kinder Morgan's mineral interests in Scurry County was an unsettled matter when Kinder Morgan communicated with the Appraisal District in any given tax year.

The phrase "in connection with" is one of "intentional breadth," *Titan Transp., LP v. Combs*, 433 S.W.3d 625, 637 (Tex. App.—Austin 2014, pet. denied), that generally does not imply any material or significant connection, *Tarrant Cty. v. Bonner*, 574 S.W.3d 893, 898 (Tex. 2019). Under the TCPA, to be "in connection with" requires no more than a tangential, tenuous, or remote relationship between the connected items. *ExxonMobil Pipeline Co. v. Coleman*, 512 S.W.3d 895, 900–01 (Tex. 2017) (per curiam) (interpreting term "in connection with" in Section 27.001(3) of the TCPA). Here, Kinder Morgan's communications with the

Appraisal District had more than a "tangential, tenuous, or remote relationship" with the appraised value of Kinder Morgan's mineral interests.

The final question is whether the Appraisal District is a "governmental body." CIV. PRAC. & REM § 27.001(4)(B). The TCPA does not define the term "governmental body." However, "governmental" means "[o]f, relating to, or involving a government," *Governmental*, BLACK'S LAW DICTIONARY (10th ed. 2014), and the most applicable common definition of the term "body" is "[a]n aggregate of individuals or groups" or "a deliberative assembly," *Body*, BLACK'S LAW DICTIONARY (10th ed. 2014). The Appraisal District is a political subdivision of the State. TAX § 6.01(c). It is governed by a board of directors, which are selected by the Taxing Units, *id.* § 6.03(a), and has the responsibility to determine the value of property in Scurry County for purposes of ad valorem taxes, *id.* § 6.01(b). Therefore, as an aggregate of individuals or a deliberative assembly related to or involving the government, the Appraisal District is a "governmental body." *See Enter. Crude GP LLC v. Sealy Partners, LLC*, 614 S.W.3d 283, 295 (Tex. App.— Houston [14th Dist.] 2020, no pet.) (holding that the City of Sealy was "a 'governmental body' and a political subdivision of this state").

The Taxing Units argue that the TCPA is intended to protect constitutional rights; that Kinder Morgan had a constitutional duty to pay taxes without fraud and did not have a constitutional right to engage in criminal behavior or to commit civil wrongs; that the TCPA's broad definition of the exercise of the right to petition is necessarily restricted by the statute's purpose to protect constitutional rights; and that "[a]ny application of the TCPA to taxpayer fraud for property tax evasion would be contrary to the purpose of the TCPA, the constitutional requirement that equal and uniform taxes be paid, and the comprehensive tax scheme established by the Legislature." However, in determining whether the TCPA applies to a legal action, we are required to apply the statutory definitions, which are not co-extensive with

13

rights protected by the First Amendment to the United States Constitution. *Creative Oil & Gas, LLC v. Lona Hills Ranch, LLC*, 591 S.W.3d 127, 133–34 (Tex. 2019); *Youngkin*, 546 S.W.3d at 680–81 ("It does not follow from the fact that the TCPA professes to safeguard the exercise of certain First Amendment rights that it should *only* apply to constitutionally guaranteed activities."); *Beving v. Beadles*, 563 S.W.3d 399, 405 (Tex. App.—Fort Worth 2018, pet. denied) ("[D]espite the TCPA's express purpose to protect constitutional rights, the TCPA's definition of 'the right to petition' is far broader."). Based on the statutory definitions, Kinder Morgan established that it exercised its right to petition because its communications to the Appraisal District, a governmental body, had more than a tangential, tenuous, or remote relationship with an issue, the value of Kinder Morgan's mineral interests in Scurry County, that was under consideration by the Appraisal District for purposes of imposing ad valorem taxes. *See* CIV. PRAC. & REM. § 27.001(4)(B); *Enter. Crude*, 614 S.W.3d at 294 (holding that applications for land disturbance and building permits to the city was the exercise of the right to petition under Section 27.001(4)(B) of the TCPA); *CVK Enters., L.L.C. v. Pullen*, No. 13-20-00047-CV, 2020 WL 6602153, at *5 (Tex. App.—Corpus Christi–Edinburg Nov. 12, 2020, no pet.) (mem. op.) (holding that a rezoning application was "indisputably" the exercise of the right to petition under Section 27.001(4)(B) of the TCPA).[5]

The TCPA applies to the Taxing Units' claims if those claims are based on, related to, or in response to Kinder Morgan's exercise of the right to petition. CIV. PRAC. & REM. § 27.003(a), .005(b). Kinder Morgan, as the TCPA movant, was required to establish a nexus between its exercise of the right to petition and the Taxing Units' claims. *See Davis v. Gulf Coast Auth.*, No. 11-19-00309-CV, 2020

---

[5]Because we hold that Kinder Morgan's communications with the Appraisal District constituted the exercise of Kinder Morgan's right to petition, we need not consider whether those communications also constituted the exercise of the right of free speech. *See* TEX. R. APP. P. 47.1.

WL 5491201, at \*8 (Tex. App.—Eastland Sept. 11, 2020, no pet.) (mem. op.). To meet that burden, Kinder Morgan had to demonstrate that the Taxing Units' claims were "factually predicated on the alleged conduct that falls within the scope of [the] TCPA's definition of 'exercise of the right of free speech,' petition or association." *Id.* (quoting *Grant v. Pivot Tech. Sols., Ltd.* 556 S.W.3d 865, 879 (Tex. App. — Austin 2018, pet. denied)). The Taxing Units' pleadings, which were "the best and all sufficient evidence of the nature of the action," *Hersh*, 526 S.W.3d at 467, clearly established that the Taxing Units' claims were based on or related to Kinder Morgan's exercise of its right to petition through its communications to the Appraisal District.

The Taxing Units, however, argue that the TCPA does not apply (1) to any claims based on or related to an alleged affirmative misrepresentation by Kinder Morgan because Kinder Morgan's alleged fraud rendered the entire appraisal process, "including any right to action under the TCPA based on false misrepresentation," void *ab initio* or (2) to any claims based on Kinder Morgan's nondisclosure of information or on Kinder Morgan's "unlawful conduct" because those claims were not based on or related to Kinder Morgan's communications.

The Taxing Units' position that the TCPA does not apply to any claims based on or related to Kinder Morgan's affirmative communications to the Appraisal District assumes that suits that are subject to the TCPA are automatically dismissed. However, establishing that the statute applies is just the first step of the procedure and does not involve consideration of whether the movant's communications were false or fraudulent. *See* CIV. PRAC. & REM. § 27.005; *Scout Energy Mgmt., LLC v. Indian Springs Cattle Co., LLC*, No. 07-21-00031-CV, 2021 WL 5150995, at \*3 (Tex. App.—Amarillo Nov. 5, 2021, no pet. h.) (mem. op.) (holding that the claim that the defendant made allegedly false statements to the Moore County Commissioners Court to induce a favorable outcome was based on or in response to

15

the defendant's exercise of the right to petition); *Enter. Crude*, 614 S.W.3d at 296 (holding that "alleged misstatements and promises" to a governmental body qualified as an exercise of the right to petition under the TCPA). If the TCPA applies to a claim, the nonmovant can avoid dismissal by establishing by clear and specific evidence a prima facie case of each essential element of the claim. CIV. PRAC. & REM. § 27.005(c). The question of whether any of Kinder Morgan's communications to the Appraisal District were fraudulent pertains to the second step of the TCPA analysis. *See Garton v. Shiloh Vill. Partners, LLC*, No. 12-16-00286-CV, 2017 WL 6884451, at *3 (Tex. App.—Tyler Aug. 23, 2017, no pet.) (holding that whether a defendants' communications were true or false "pertains to the second part of the [TCPA] analysis, which requires [the plaintiff] to establish by clear and specific evidence a prima facie case for each essential element" of its claims).

The Taxing Units also contend that the TCPA does not apply to any claim based on Kinder Morgan's unlawful conduct or fraud by nondisclosure, rather than on Kinder Morgan's communications. "[W]hen a claim does not allege a communication, and is instead based on a defendant's conduct, the TCPA is not implicated." *Davis*, 2020 WL 5491201, at *8 (quoting *Pacheco v. Rodriguez*, 600 S.W.3d 401, 410 (Tex. App.—El Paso 2020, no pet.)). Similarly, claims based on the alleged failure to disclose or failure to communicate are not subject to the TCPA. *Clayton Mountain, LLC v. Ruff*, No. 11-20-00034-CV, 2021 WL 3414754, at *6 (Tex. App.—Eastland Aug. 5, 2021, no pet.) (mem. op.); *White Nile Software, Inc. v. Carrington, Coleman, Sloman & Blumenthal, LLP*, No. 05-19-00780-CV, 2020 WL 5104966, at *5 (Tex. App.—Dallas Aug. 31, 2020, pet. denied) (mem. op.). However, this is not a case in which there was a complete absence of an alleged communication by Kinder Morgan. Rather, in both their second and third amended petitions, the Taxing Units alleged that Kinder Morgan made false, inaccurate, or incomplete representations to the Appraisal District on factors that were relevant to

16

the determination of the appraised value of Kinder Morgan's mineral interests and that the Appraisal District relied on those representations.

Any claim by the Taxing Units is "related to" Kinder Morgan's exercise of the right to petition if there is "some sort of connection, reference, or relationship between" the claim and the exercise of the protected right. *Cavin v. Abbott*, 545 S.W.3d 47, 69 & n.85 (Tex. App.—Austin 2017, no pet.); *see also Reeves v. Harbor Am. Cent., Inc.*, 631 S.W.3d 299 (Tex. App.—Houston [14th Dist.] 2020, pet. denied) (holding that a claim was at least "related to" a protected communication when the claim was "closely and necessarily" intertwined with allegations that constituted the exercise of a TCPA-protected right). Based on the Taxing Units' pleadings, any claim that is purportedly based on Kinder Morgan's failure to disclose any information in its communications to the Appraisal District or on Kinder Morgan's "unlawful conduct" pertaining to the determination of the appraised value of Kinder Morgan's property has a connection to, or relationship with, Kinder Morgan's communications to the Appraisal District and the information that was included in, or omitted from, those statements. *See ML Dev, LP v. Ross Dress For Less, Inc.*, No. 01-20-00773-CV, 2021 WL 2096656, at *2 (Tex. App.—Houston [1st Dist.] May 25, 2021, no pet. h.) (holding that "relates to" was the most expansive of the three categories of connections and brought tangential communications within the TCPA's reach); *Cavin*, 545 S.W.3d at 69 & n.85; *see also* CIV. PRAC. & REM. § 27.005(b) (requiring the trial court to dismiss a claim that relates to the exercise of a right protected by the statute).

Because the Taxing Units' claims, whether based on alleged affirmative misrepresentations by Kinder Morgan to the Appraisal District, the alleged failure of Kinder Morgan to disclose information to the Appraisal District, or Kinder Morgan's alleged "unlawful conduct" in committing taxpayer fraud, are connected to or have a relationship with Kinder Morgan's exercise of its right to petition

through its communications to the Appraisal District, Kinder Morgan met its burden to establish that the Taxing Units' claims fall within the scope of the TCPA. *See Enter. Crude*, 614 S.W.3d at 297 (holding that all claims that were related to the protected communications fell within the scope of the TCPA); *Porter-Garcia v. Travis Law Firm, P.C.*, 564 S.W.3d 75, 85 (Tex. App.—Houston [1st Dist.] 2018, pet. denied) ("The TCPA's 'is based on, relates to, or is in response to' language captures, at a minimum, a 'legal action' that is factually predicated upon or related to alleged conduct that would fall within the TCPA's definition of exercise of [a protected right]."); *see also* Civ. Prac. & Rem. §§ 27.003(a), .005(b). Therefore, the trial court erred when it denied the motion to dismiss on the basis that Kinder Morgan failed to establish that the TCPA applies to the Taxing Units' claims. We sustain Kinder Morgan's issue on appeal.

*This Court's Ruling*

We reverse the trial court's order in which it denied Kinder Morgan's TCPA motion to dismiss and remand this case to the trial court for further proceedings.

JOHN M. BAILEY
CHIEF JUSTICE

January 13, 2022

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

18